IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-02151-CMA-KMT

JAMES B. PENN, an individual,

    Plaintiff,

v.

OAKDALE GAS PROCESSING, LLC, a New Mexico company, and
CLAY LANDON, an individual,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court on Defendants Oakdale Gas Processing, Inc. and Clay Landon's (collectively, "Defendants") Motion for Summary Judgment and their Memorandum in Support of Motion for Summary Judgment (Doc. ## 29, 30), both filed on July 1, 2011.  Plaintiff responded on August 13, 2011, and Defendants replied on September 15, 2011.  (Doc. ## 38, 55.)  For the following reasons, Defendants' motion is granted in part and denied in part.

In this case, Plaintiff brings three claims for relief: a retaliation claim against both Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3), a Colorado state law claim for wrongful discharge in violation of public policy against Defendant Oakdale, and a Colorado state law claim for tortious interference with contract against Defendant Landon.  (Doc. # 1.)

Upon review of the parties' briefing and the evidence referenced therein, it is apparent that there exist genuine issues of material fact that preclude a grant of summary judgment on Plaintiff's FLSA retaliation claim. However, summary judgment is appropriate on Plaintiff's two state law claims.

Although Plaintiff responded to the portion of Defendants' summary judgment motion concerning his FLSA retaliation claim, Plaintiff did not respond to Defendants' motion with respect to his two state law claims. A party's failure to respond to a summary judgment motion is not, by itself, sufficient basis on which to enter summary judgment against that party. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). By failing to respond, however, the nonmoving party "waives the right to respond or to controvert the facts asserted in the summary judgment motion." *Id.* Thus, the Court accepts as true all material facts asserted and supported in Defendants' summary judgment motion. *See id.* Nevertheless, before entering summary judgment, the Court must first determine that judgment for the moving party is "appropriate" under Federal Rule of Civil Procedure 56(e). *See id.* Summary judgment is "appropriate" only if the facts asserted by Defendants demonstrate that they are entitled to judgment as a matter of law. *See id.*

In this case, Defendants have demonstrated that they are entitled to summary judgment on both of Plaintiff's state law claims. As the basis for his public policy wrongful discharge claim, Plaintiff asserts that his "termination . . . was a direct and proximate result of his good faith complaint to the [United States Department of Labor] about Oakdale's compensation policies." (Doc. # 1, ¶ 29.) However, "the public policy

2

wrongful discharge is not available where, as here, the FLSA provides the employee with a remedy for retaliation." *Armani v. Maxim Healthcare Servs., Inc.*, 53 F. Supp. 2d 1120, 1132 (D. Colo. 1999).  Thus, Plaintiff's wrongful discharge claim against Defendant Oakdale fails as a matter of law.

Plaintiff has also asserted a claim against Defendant Landon for tortious interference with contract.  An agent who, while acting within the scope of his official duties, causes his principal to breach a contract will generally not be held liable for tortious interference with that contract.  *W.O. Brisben Cos., Inc. v. Krystkowiak*, 66 P.3d 133, 136 (Colo. App. 2002), *aff'd* 90 P.3d 859, 871 (Colo. 2004).  However, a plaintiff may bring a claim against the agent of a corporation for tortious interference with a contract when the agent acted "improperly."  *See id.*  An agent "acts improperly only when he or she is **motivated solely** by the desire to harm one of the contracting parties or to interfere in the contractual relations between the parties."  *Id.* at 137; *Rudd v. Burlington Coat Factory Warehouse of Colo., Inc.*, 388 F. Supp. 2d 1201, 1207 (D. Colo. 2005) ("An agent may be liable only if he acts not at all in service to the corporation's interest but instead is motivated solely out of animus toward one or both contracting parties.").

In his complaint, Plaintiff asserts that Defendant Landon was "motivated solely by a desire to induce Oakdale to breach its employment agreement with Penn."  (Doc. # 1, ¶ 34.)  However, Defendants have offered evidence that Defendant Landon terminated Plaintiff because Plaintiff was treating other employees wrongfully, bringing down the morale of the workplace environment, and going outside the chain of command.  (Doc.

# 30-3 at 113:1-24.) Thus, Defendants have presented evidence that Defendant Landon did not act with the **sole** motive to harass or retaliate against Plaintiff.[1] Summary judgment is, therefore, also appropriate on Plaintiff's tortious interference with contract claim.

Accordingly, it is ORDERED that Defendants' Motion for Summary Judgment (Doc. # 29) be GRANTED IN PART and DENIED IN PART.

Specifically, the Court GRANTS Defendants' Motion with respect to Plaintiff's claims for wrongful discharge in violation of public policy against Defendant Oakdale and for tortious interference with contract against Defendant Landon. Those claims are DISMISSED WITH PREJUDICE. The Court DENIES Defendants' Motion with respect to Plaintiff's FLSA retaliation claim.

DATED: January __30__, 2012

BY THE COURT:

*[signature]*

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[1] In the context of Plaintiff's FLSA retaliation claim, Plaintiff has shown that genuine issues of material fact exist as to whether retaliation played a part in Defendants' termination decision. *See Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224-25 (10th Cir. 2008) ("To prevail on a [FLSA] retaliation claim, a plaintiff must establish that retaliation played a part in the employment decision"). Even if Plaintiff had responded to the portion of Defendants' summary judgment motion concerning the tortious interference with contract claim, Plaintiff's evidence would be insufficient to show that Mr. Landon was motivated solely by personal animus toward Plaintiff. *See Rudd*, 388 F. Supp. 2d at 1206-07 (denying summary judgment on the plaintiff's retaliation claim, but granting it on the plaintiff's interference with contract claim because she had failed to show that the defendant's employment actions were motivated solely by personal animus).